NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1854
_____

EARL ROWAN; SIMON TAYLOR,
                                        Appellants

v.

CITY OF BAYONNE, a municipal corporation;
WILLIAM O'BRIEN; JOANNE CORBETT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-07-cv-04237)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 20, 2012

Before:  RENDELL, FISHER and CHAGARES, *Circuit Judges*.

(Filed: April 10, 2012)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

        Earl Rowan and Simon Taylor (collectively, "Appellants") appeal from orders of

the District Court granting summary judgment in favor of the City of Bayonne, William

O'Brien, and Joanne Corbett (collectively, "Appellees"). For the reasons set forth below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Appellants both worked for the City of Bayonne, New Jersey ("City"). Rowan worked for the Bayonne Parking Authority until 2004, at which time he was assigned to work at the Bayonne Public Library ("Library"). Taylor was hired as a full-time employee in 2000, and shortly thereafter transferred to the Library. Corbett served as Appellants' supervisor. In August 2005, O'Brien, a supervisor for the Department of Public Works ("DPW"), used a racial slur to refer to Appellants. As a result of this incident, O'Brien was initially terminated by the City, but his termination was later reduced to a sixty-day suspension. On September 25, 2005, Appellants filed complaints against the City and O'Brien with the New Jersey Division of Civil Rights and the Equal Employment Opportunity Commission ("EEOC"). In May 2006, Appellants and the City reached a settlement on these claims, pursuant to which Appellants agreed to release all claims related to the August 2005 incident, and the City agreed to conduct sensitivity training within sixty days.

In June 2006, Rowan requested a schedule change due to family problems, and on September 8, 2006, he was transferred to a position at DPW, which required him to work on a garbage truck. Rowan expressed concern that a medical condition made it difficult for him to work on the garbage truck, and on August 1, 2007, DPW reassigned him to a street sweeping position.

In July 2007, Appellants filed a second complaint with the EEOC, alleging that they were discriminated against on the basis of race and that they faced retaliation as a result of their filing the initial EEOC complaint. On September 5, 2007, Appellants filed a nine-count complaint in the U.S. District Court for the District of New Jersey against the City and O'Brien, alleging First Amendment retaliation (Count One), Title VII violations (Count Eight), violations of the New Jersey Law Against Discrimination ("LAD"), N.J. Stat. Ann. § 10:5-1, *et seq.* (Counts Two and Three), violations of the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. § 34:19-1, *et seq.* (Count Seven), as well as common law claims for intentional infliction of emotional distress (Count Four), negligent hiring and retention (Count Five), and breach of contract (Count Nine). The District Court subsequently granted, in part, Rowan's motion to amend his complaint to add Corbett as a defendant, and denied Taylor's motion to amend the complaint.

On June 30, 2010, Appellees moved for summary judgment as to all counts. On March 23, 2011, the District Court granted Appellees' motions as to several counts, and

3

on March 31, 2011, the District Court issued a memorandum opinion and order, dismissing all remaining claims.[1] Appellants filed timely notices of appeal.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo, and apply "the same standard that guides our district courts." *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008) (citation omitted). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

Appellants first contend that the District Court erred in granting summary judgment on their First Amendment retaliation claim (Count One). We

---

[1] Appellants contend that the District Judge was required to recuse himself based on his relationship with the City's mayor. We disagree. Under 28 U.S.C. § 455, a District Judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned [or] [w]here he has a personal bias or prejudice concerning a party." We emphasize that "when the court has invested substantial judicial resources and there is indisputably no evidence of prejudice, a motion for recusal should be supported by substantial justification, not fanciful illusion." *Martin v. Monumental Life Ins. Co.*, 240 F.3d 223, 237 (3d Cir. 2001) (citations omitted). Here, we can find no evidence of bias or prejudice and therefore we reject Appellants' argument. *See McWhorter v. City of Birmingham*, 906 F.2d 674, 678-79 (11th Cir. 1990) (rejecting the plaintiff's argument that recusal was required under similar circumstances).

disagree.[2] Rowan alleges that he was retaliated against by being twice "demoted" and Taylor alleges that he was denied overtime pay. To establish a claim for First Amendment retaliation, a plaintiff must show: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising h[er] constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (citation omitted). The threshold inquiry is whether the speech in question is protected by the First Amendment, i.e., whether it relates to "a matter of public concern." *Connick v. Myers*, 461 U.S. 138, 146 (1983). Here, Appellants cite three instances in which they engaged in protected conduct: (1) their filing of an EEOC complaint in September 2005; (2) their filing of a second EEOC complaint in August 2007; and (3) Rowan's letter to the City's mayor alleging that Corbett attempted to coerce another employee into filing a sexual harassment suit against Rowan. We agree with the District Court that Appellants' statements focused on personal grievances and did not relate to any "public concern." *See Feldman v. Phila. Hous. Auth.*, 43 F.3d 823, 829 (3d Cir. 1994). Appellants did not seek to expose discriminatory or harassing

---

[2] Because the same analytical framework governs retaliation claims under CEPA, we conclude that the District Court's grant of summary judgment on Appellants' state law retaliation claims was also proper. *See Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 802 (3d Cir. 2010); *Mehlman v. Mobil Oil Corp.*, 707 A.2d 1000, 1013 (N.J. 1998) (citations omitted) (explaining that, under CEPA, "the offensive activity must pose a threat of public harm, not merely private harm or harm only to the aggrieved employee").

practices by the City; rather, they complained only about isolated acts directed solely at them.  Thus, Appellants have not shown that they engaged in any protected speech.

Rowan also argues that the District Court erred in dismissing his Title VII claims (Count Eight).  We note as a threshold matter that after a plaintiff files an EEOC complaint, any subsequent Title VII claims are limited to those contained in his EEOC complaint.  *See Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 966 (3d Cir. 1978).  Here, Rowan's EEOC complaint addressed only the City's failure to promote him and retaliation based on his engaging in protected speech.  Thus, the District Court properly disregarded Rowan's hostile work environment allegations.  To establish retaliation in violation of Title VII, a plaintiff must show that:  (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there was a causal link between the adverse employment action and the protected activity.  *Azzaro v. County of Allegheny*, 110 F.3d 968, 973 (3d Cir. 1997).  Here, the District Court properly concluded that Rowan failed to establish a causal connection between his filing of the EEOC complaints and the actions that he alleges were retaliatory.  The record indicates that the City transferred Rowan in response to his own requests; he has presented no evidence beyond his own allegations to show that the City "demoted" him in retaliation for his engaging in a protected activity.  As to Rowan's failure to promote claim, under Title VII, he was required to file his EEOC complaint within 300 days of the latest date on which the City allegedly failed to promote him.  42 U.S.C. § 2000e-5(e)(1); s*ee Nat'l R.R. Passenger*

*Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002). However, he has failed to identify any instances in which he requested, and was denied, a promotion within 300 days of the filing of his second EEOC complaint. Thus, the District Court properly granted summary judgment in favor of Appellees on Rowan's Title VII failure to promote claim.

Finally, Appellants contend that the District Court erred in granting summary judgment in favor of Appellees on Appellants' state law claims. Again, we disagree.[3] First, the District Court properly granted summary judgment on Taylor's claims under the LAD (Counts Two and Three) because such claims were barred by the two-year statute of limitations. *Montells v. Haynes*, 627 A.2d 654, 655 (N.J. 1993). Under the LAD, where a plaintiff alleges a pattern or series of discriminatory acts, the cause of action "accrue[s] on the date on which the last act occurred, notwithstanding that some of the component acts . . . [fell] outside the statutory time period." *Shepherd v. Hunterdon Developmental Ctr.*, 803 A.2d 611, 623 (N.J. 2002) (internal marks and citation omitted). In this case, the last act of alleged harassment occurred no later than August 2005. The original complaint was filed on September 5, 2007, and thus, Taylor's LAD claims are time-barred.

---

[3] The District Court properly granted the Appellees' motions for summary judgment on Appellants' *respondeat superior* claim (Count Six) on the basis that the doctrine of *respondeat superior* does not provide an independent cause of action under New Jersey law. *See Carter v. Reynolds*, 815 A.2d 460, 463 (N.J. 2003). Additionally, Appellants have not challenged the District Court's grant of summary judgment on their intentional infliction of emotional distress claim (Count Four).

Second, the District Court properly disposed of Appellants' negligent hiring and retention claim (Count Five) on the basis that it failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8. The allegations in Appellants' complaint regarding negligent hiring and retention are conclusory and do not set forth how the City's decision to reinstate O'Brien resulted in harm. *See Di Cosala v. Kay*, 450 A.2d 508, 516 (N.J. 1982) (stating that the tort of negligent hiring requires the plaintiff to show that the employer's negligence in hiring the employee caused injury). The District Court properly concluded that such allegations were inadequate to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Finally, the District Court did not err in granting summary judgment on Appellants' breach of contract claim (Count Nine). Appellants alleged that the City breached the May 2006 settlement agreement by reinstating O'Brien, failing to provide sensitivity training within sixty days, and when sensitivity training was conducted, providing training on sexual harassment rather than racial discrimination. As the District Court noted, there is no provision in the settlement agreement requiring the City to permanently terminate O'Brien's employment. Thus, the City's decision to reinstate O'Brien did not violate the agreement. Moreover, even if the City did materially breach the agreement by providing sensitivity training one and one-half years later, Appellants have failed to demonstrate that they suffered any harm, financial or otherwise, as a result of the alleged breach. *See Murphy v. Implicito*, 920 A.2d 678, 691 (N.J. Super. Ct. App.

Div. 2007) (explaining that a plaintiff alleging breach of contract must prove that the breach proximately caused harm).

VI.

For the foregoing reasons, we will affirm the orders of the District Court.[4]

---

[4] O'Brien requests that we award damages pursuant to Federal Rule of Appellate Procedure 38. However, he has failed to file the appropriate motion, and we decline to consider his request.